## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 3:17-bk-01300 |
| DART MUSIC, INC., | ) | Chapter 11 |
| | ) | Judge Randal S. Mashburn |
| Debtor. | ) | |

## ORDER GRANTING MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES OUTSIDE THE ORDINARY COURSE OF BUSINESS

This matter is before the Court on the Motion (the "**Motion**") by the Debtor-in-Possession, Dart Music, Inc. ("**Debtor**"), for entry of an Order authorizing the sale of Debtor's Assets Free and Clear of all Liens, Claims, Interests and Encumbrances Outside the Ordinary Course of Business. The Court scheduled a hearing on the Motion for June 6, 2017 at 9:00 a.m. (the "**Sale Hearing**") at which time (i) all creditors and interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having reviewed and considered the (1) Motion, (2) the Asset Purchase Agreement (the "**DC APA**") dated June 5, 2017 with HAAWK, Inc. ("**HAAWK**"), pursuant to which the Debtor agreed to sell, and HAAWK agreed to purchase, the distribution contracts (the "**Distribution Contracts**") listed in the Debtor's Cure Notice [ECF No. 102] (the "**DC Sale**"), and (3) the Asset Purchase Agreement ("**Remainder APA**")[1] dated June 5, 2017 with Core Rights, LLC (the "**Core Rights**")[2], pursuant to which the Debtor agreed to sell, and Core Rights agreed to purchase, the remainder of the

---

[1] The DC APA and the Remainder APA shall be, where appropriate, collectively referred to herein as the "**APAs.**"

[2] HAAWK and Core Rights shall be, where appropriate, collectively referred to herein as the "**Purchasers**."

1

Debtor's assets (the "**Remaining Assets**")[3] which are specifically defined in the Remainder APA (the "**Remainder Sale**");[4] (ii) there having been no objections filed to the Motion or to the Sales; and (iii) upon the evidence presented in support of the relief requested in the Declarations attached to the Motion; and upon all of the proceedings held before the Court; and it appearing that due notice of the Motion, the Sales and the terms of the APAs have been provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, stakeholders and all other interested parties; and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon, the Court finds as follows:

**Jurisdiction, Venue And Final Order**

A.      This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Fed. R. Bankr. P. 6004(h), 6006(d) and 7062, and to the extent necessary under Fed. R. Bankr. P. 9014 and Fed. R. Civ. P. 54(b), as made applicable by Fed. R. Bankr. P. 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of this Order as set forth herein.

---

[3] The Distribution Contracts and Remaining Assets shall be, where appropriate, collectively referred to herein as the "**Property**."

[4] The DC Sale and the Remainder Sale shall be, where appropriate, collectively referred to herein as the "**Sales.**"

Case 3:17-bk-01300    Doc 122    Filed 06/06/17    Entered 06/06/17 13:03:09    Desc Main
Document    Page 2 of 21

**Notice Of The Sales, APAs, and Sale Hearing**

C.      As evidenced by the record (of which the Court takes judicial notice) proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, the APAs and the Sales has been provided in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code and Fed. R. Bankr. P.  2002, 6004, 6006 and 9014.  The Debtor has complied with all obligations to provide notice of the Motion, the Sale Hearing, the APAs and the Sales as required by the Federal Rules of Bankruptcy Procedure.  The aforementioned notices are good, sufficient and appropriate under the circumstances, and no other or further notice of the Motion, the Sale Hearing, the APAs or the Sales is required for the entry of this Order.

D.      A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities, including, without limitation: (i) the Office of the United States Trustee; (ii) all creditors listed on the mailing matrix maintained by the Court; and (iii) those parties who have formally filed requests for notice in this Chapter 11 case pursuant to Fed. R. Bankr. P. 2002.

**Sale Offers**

E.      HAAWK has offered, subject to the terms contained in DC APA, to purchase the Distribution Contracts for the sum of Twenty-Five Thousand and 00/100 ($25,000.00) Dollars.

F.      Core Rights has offered, subject to the terms contained in Remainder APA, to purchase the Remaining Assets for the sum of Two Hundred Three Thousand Nine Hundred Fifty and 00/100 ($203,950.00) Dollars.

G.      ICG Ventures LLC ("**ICG**") has offered, subject to the terms of an asset purchase agreement to be negotiated if necessary (the "**Back-Up APA**"), to purchase the Remaining Assets as the Back-Up Bidder for such assets for the sum of One Hundred Ninety-Three Thousand Nine Hundred Fifty and 00/100 ($193,950.00) Dollars (the "**Back-Up Bid**"), should

3

the Debtor and Core Rights be unable to consummate the Remainder Sale.

**Highest Or Otherwise Best Offers**

H.      As demonstrated by the evidence proffered at and prior to the Sale Hearing, the Debtor has conducted a fair and open sale process in a manner reasonably calculated to produce the highest or otherwise best offers for the Property.  The sale process was non-collusive, duly noticed, and afforded a full, fair and reasonable opportunity for any party to make higher or otherwise better offers to purchase the Property.

I.      The Property was adequately marketed by the Debtor, and the consideration provided by the Purchasers under the APAs constitute the highest or otherwise best offers and provide fair and reasonable consideration to the Debtor for the Property.  The APAs present the best opportunity to maximize and realize the value of the Property for the Debtor's estate.  The Debtor's determination that the consideration provided by the Purchasers under the APAs constitute the highest or otherwise best offers and constitute a valid and sound exercise of the Debtor's business judgment.

J.      Approval of the Motion and the APAs and the consummation of the Sales contemplated thereby are in the best interests of the Debtor, its creditors, its estate and other parties in interest.  The Debtor has demonstrated good, sufficient and sound business reasons and justifications for entering into the Sales and the performance of its obligations under the APAs.

K.      Entry of this Order approving the APAs and all the provisions thereof is a condition precedent to the Purchasers' consummation of the Sales.

L.      The APAs were not entered into, and neither the Debtor nor the Purchasers propose to consummate the Sales, for the purpose of hindering, delaying or defrauding the Debtor's present or future creditors.  Neither the Debtor nor the Purchasers are entering into the APAs, or proposing to consummate the Sales, fraudulently, for the purpose of statutory and

4

common law fraudulent conveyance and fraudulent transfer claims whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof or the District of Columbia or any other applicable jurisdiction with laws substantially similar to the foregoing.

M.     The terms and conditions set forth in the APAs, including the form and total consideration to be realized by the Debtor pursuant to the APAs, (i) are in the best interests of the Debtor's creditors and estate and (ii) constitute fair value, full and adequate consideration, reasonably equivalent value, and reasonable market value for the Property.

## Good Faith Of Debtor And Purchasers

N.     The sale process conducted by the Debtor was at arms' length, non-collusive, in good faith, and substantively and procedurally fair to all entities.  The APAs and the Sales contemplated thereunder were proposed, negotiated and entered into by and among the Debtor and the Purchasers without collusion, in good faith and at arms' length.

O.     Other than as fully disclosed in the Motion, neither the Purchasers nor any of their affiliates, present or contemplated members, officers, directors, shareholders or any of their respective successors and assigns is an "insider" of the Debtor, as the term "insider" is defined in section 101(31) of the Bankruptcy Code.  The Purchasers are entering into the Sales in good faith and are "good faith purchasers" within the meaning of section 363(m) of the Bankruptcy Code, and are therefore entitled to the full protection of that provision, and otherwise have proceeded in good faith in all respects in connection with this proceeding.  Neither the Debtor nor the Purchasers have engaged in any action or inaction that would cause or permit the APAs or the Sales to be avoided or impose any costs or damages under section 363(n) of the Bankruptcy Code.

5

## Section 363 Is Satisfied

P.     The Debtor has demonstrated a sufficient basis and compelling circumstances requiring it to (i) enter into the APAs, and (ii) sell the Property.  These actions are appropriate exercises of the Debtor's business judgment and in the best interests of the Debtor, its estate and its creditors.  Such business reasons include, without limitation, the fact that: (i) the APAs constitute the highest or otherwise best offers for the Property; (ii) the APAs represent the best opportunity to maximize and realize the value of the Debtor; and (iii) unless the sales are concluded expeditiously, the recoveries of the Debtor's estate and constituencies are likely to be adversely affected and there is a significant risk that numerous obligations constituting administrative expenses in the Debtor's Chapter 11 case will not be satisfied.

Q.     The APAs are valid and binding contracts among the Debtor and the Purchasers and shall be enforceable pursuant to their terms.

R.     For purposes of section 363(b)(1) of the Bankruptcy Code, the Debtor has not, in connection with offering a product or service, previously disclosed to one or more individuals a policy prohibiting the transfer of "personally identifiable information" (as defined in section 101(41A) of the Bankruptcy Code) about individuals to persons that are not affiliated with the Debtor.

S.     The Property constitutes property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code and title thereto is presently vested in the Debtor's estate.

T.     The sale of the Property to the Purchasers under the terms of the APAs meets the applicable provisions of section 363(f) of the Bankruptcy Code, and except as expressly provided in the APAs, (i) the transfer of the Property to the Purchasers and (ii) the assumption and/or assignment to the Purchasers any executory contracts or unexpired leases, in each case, will be free and clear of all Liens and Claims (each as defined below), and will not subject the

6

Purchasers or any of the Purchasers' assets to any liability for any Liens or Claims whatsoever (including, without limitation, under any theory of equitable law, antitrust, setoff (except with respect to setoffs that were effected prior to the Petition Date), or successor or transferee liability). All holders of Liens or Claims and all counterparties to assigned executory contracts or unexpired leases who did not object are deemed to have consented to the Sales pursuant to section 363(f)(2) of the Bankruptcy Code.

U.    The Purchasers would not have entered into the APAs and would not consummate the Sales, thus adversely affecting the Debtor, its estate, creditors, employees and other parties in interest, if the sale of the Property was not free and clear of all Liens and Claims or if the Purchasers would, or in the future could, be liable for any Liens or Claims. The Purchasers assert that they will not consummate the Sales unless the APAs specifically provide, and this Court specifically orders, that none of the Purchasers, their assets or the Property will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Lien or Claim, or any successor or transferee liability for the Debtor.

V.    The transfer of the Property to the Purchasers under the APAs is a legal, valid and effective transfer of all of the legal, equitable and beneficial right, title and interest in and to the Property free and clear of all Liens and Claims. The Debtor may sell its interests in the Property free and clear of all Liens and Claims because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. The transfer of the Property to the Purchasers will vest the Purchasers with good and marketable title to the Property free and clear of all Liens and Claims.

W.     The Purchasers are not successors to the Debtor or its estate by reason of any theory of law or equity, and the Purchasers shall not assume or in any way be responsible for any liability or obligation of the Debtor or its estate by reason thereof.  The Purchasers are not a continuation or substantial continuation of the Debtor or its estate, and there is no continuity between the Purchasers and the Debtor.  The Purchasers do not have a common identity of incorporators, directors or equity holders with the Debtor.  The Purchasers are not holding their selves out to the public as a continuation of the Debtor or its estate, and the Sales do not amount to a consolidation, merger or *de facto* merger of the Purchasers and the Debtor.

X.     There is no legal or equitable reason to delay the Sales.  The Sales must be approved and consummated promptly to preserve the value of the Debtor's assets.

Y.     The Debtor has demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Sales pursuant to section 363(b) of the Bankruptcy Code prior to, and outside of, a plan of reorganization in that, among other things, absent the immediate consummation of the Sales, the value of the Debtor's assets will be harmed.  To maximize the value of the Property, it is essential that the Sales occur within the timeframe set forth in the APAs.  Time is of the essence in consummating the Sales.

Z.     The sale and assignment of the Property outside of a plan of reorganization pursuant to the APAs neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating plan for the Debtor.  Neither the APAs nor the Sales contemplated thereby constitute a *sub rosa* Chapter 11 plan.

**BASED UPON THE FOREGOING FINDINGS, IT IS HEREBY ORDERED THAT:**

## General Provisions

1.     The Motion is granted and approved as set forth herein.

2.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled as announced to the Court at the Sale Hearing, or by stipulation filed with the Court, or as resolved or specifically adjourned in this Order, and all reservations of rights included therein, are hereby overruled on the merits with prejudice. All persons and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief sought therein.

3.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Approval of the APAs**

4.     The APAs, all of the terms and conditions thereof, and all of the transactions contemplated therein are approved in all respects. The failure to specifically include any particular provision of the APAs in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APAs be authorized and approved in their entirety. The transfer of the Property by the Debtor to the Purchasers shall be a legal, valid and effective transfer of the Property. The consummation of the Sales is hereby approved and authorized under section 363(b) of the Bankruptcy Code.

5.     The Debtor is authorized to (a) take any and all actions necessary or appropriate to perform, consummate, implement and close the transactions contemplated by the APAs, including the Sales to the Purchasers of the Property, in accordance with the terms and conditions set forth in the APAs and this Order, including, without limitation, executing, acknowledging and delivering such deeds, assignments, conveyances and other assurance,

9

documents and instruments of transfer and taking any action for purposes of assigning, transferring, granting, conveying, and confirming to the Purchasers, or reducing to possession, any or all of the Property, and entering into any transition services or operations support agreements with the Purchasers, and any other agreements related to implementing the Sales and to pay any expenses or costs that are required to be paid to consummate the Sales or perform their obligations under the APAs.

6.      All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtor to transfer the Property to the Purchasers in accordance with the APAs and this Order.

### Sale and Transfer Free and Clear of Liens and Claims

7.      Except as otherwise expressly provided in the APAs and the terms of this Order, the Property shall be sold free and clear of all claims, liabilities, interests, rights and encumbrances, including, without limitation, all mortgages, restrictions (including, without limitation, any restriction on the use, voting rights, transfer rights, claims for receipt of income or other exercise of any attributes of ownership), hypothecations, charges, indentures, loan agreements, instruments, options, deeds of trust, security interests, equity interests, conditional sale rights or other title retention agreements, pledges, judgments, demands, rights of first refusal, consent rights, offsets, contract rights, rights of setoff, rights of recovery, reimbursement rights, contribution claims, indemnity rights, exoneration rights, product liability claims, alter-ego claims, environmental rights and claims (including, without limitation, toxic tort claims), labor rights and claims, employment rights and claims, pension rights and claims, tax claims, regulatory violations by any governmental entity, decrees of any court or foreign or domestic governmental entity, charges of any kind or nature, debts arising in any way in connection with any agreements, acts, or failures to act, reclamation claims, obligation claims, demands,

10

guaranties, contractual or other commitment rights and claims, rights of licensees or sublicensees under section 365(n) of the Bankruptcy Code or any similar statute, and all other matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of the Debtor's Chapter 11 case (but, for the avoidance of doubt, in each case arising from the ownership of the Property or the operation of the Debtor prior to the date of the closing as defined in the APAs (the "**Closing**"), and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under any theory, law or doctrine of successor liability or related theories, as well as any and all "claims" as that term is defined and used in the Bankruptcy Code, including section 101(5) thereof (all of the foregoing, collectively, "**Claims**"), and any consensual or nonconsensual lien, statutory lien, real or personal property lien, mortgage, deed of trust, mechanics' lien, materialmans' lien, warehousemans' lien, tax lien, and any and all "liens" as that term is defined and used in the Bankruptcy Code, including section 101(37) thereof (all of the foregoing, collectively, "**Liens**").

8.      At Closing, all of the Debtor's right, title and interest in and to, and possession of, the Property shall be immediately vested in the Purchasers pursuant to sections 105(a), 363(b), 363(f) and 365 of the Bankruptcy Code free and clear of any and all Liens and Claims.  Such transfer shall constitute a legal, valid, binding and effective transfer of such Property.  All persons or entities, presently, or on or after the Closing, in possession of some or all of the Property are directed to surrender possession of the Property directly to the Purchasers (as applicable) or their designees on the Closing or at such time thereafter as the Purchasers may

Case 3:17-bk-01300    Doc 122    Filed 06/06/17    Entered 06/06/17 13:03:09    Desc Main
Document      Page 11 of 21

request.

9.       The Purchasers are hereby authorized in connection with the consummation of the Sales to allocate the Property among their affiliates, designees, assignees, and/or successors in a manner as they, in their sole discretion, deem appropriate, and to assign, sublease, sublicense, transfer or otherwise dispose of any of the Property or the rights under any executory contract or unexpired lease to their affiliates, designees, assignees, and/or successors with all of the rights and protections accorded under this Order and the APAs, and the Debtor shall cooperate with and take all actions reasonably requested by the Purchasers to effectuate any of the foregoing, which shall be at the Purchasers' cost if requested after the Closing to the extent provided in the APAs.

10.     This Order: (a) shall be effective as a determination that, as of the Closing, (i) no Liens or Claims will be capable of being asserted against the Purchasers or any of their assets (including the Property), (ii) the Property shall have been transferred to the Purchasers free and clear of all Liens and Claims, and (iii) the conveyances described herein have been effected; and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any

12

and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APAs.

11.     Except as otherwise expressly provided in the APAs, all persons and entities (and their respective successors and assigns), including, without limitation, all debt security holders, equity security holders, affiliates, governmental, tax and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants and other creditors holding Liens or Claims arising under or out of, in connection with, or in any way relating to, the Debtor, the Property, the ownership, and the sale or operation of the Property prior to Closing or the transfer of the Property to the Purchasers, are hereby forever barred, estopped and permanently enjoined from asserting such Liens or Claims against the Purchasers, their successors or assigns, their property or the Property.  Following the Closing, no holder of any Lien or Claim shall interfere with the Purchasers' title to or use and enjoyment of the Property based on or related to any such Lien or Claim, or based on any action the Debtor may take in its Chapter 11 case.

12.     Each person or entity that has filed financing statements, mortgages, *lis pendens* or other documents or agreements evidencing Liens or Claims against or in the Property shall be obligated to deliver to the Debtor and the Purchasers prior to the Closing of the Sales in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens and Claims that the person or entity has with respect to the Property or otherwise.  If any person or entity that has filed financing statements, mortgages, *lis pendens* or other documents or agreements evidencing Liens or Claims against or in the Property shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens and Claims that the person or entity has with respect to the Property or otherwise, then

Case 3:17-bk-01300   Doc 122   Filed 06/06/17   Entered 06/06/17 13:03:09   Desc Main
Document      Page 13 of 21

only with regard to the Property that is purchased by the Purchasers pursuant to the APAs and this Order: (a) each of the Debtor and Purchasers is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property; (b) the Purchasers are hereby authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens and Claims against the Purchasers and the applicable Property; and (c) the Purchasers may seek in this Court or any other court to compel appropriate parties to execute termination statements, instruments of satisfaction, and releases of all Liens and Claims with respect to the Property. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department or office. Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Property free and clear of Liens and Claims shall be self-executing, and neither the Debtor nor the Purchasers shall be required to execute or file releases, termination statements, assignments, consents or other instruments to effectuate, consummate and implement the provisions of this Order.

13.     The Purchasers shall be authorized, as of the Closing, to operate under any license, permit, registration and governmental (including airport authorities) authorization or approval (collectively, the "**Licenses**") of the Debtor with respect to the Property, and all Licenses are deemed to have been, and hereby are directed to be, transferred to the Purchasers as of the Closing. To the extent any Licenses cannot be transferred to the Purchasers in accordance with the previous sentence, such Licenses: (a) shall remain in effect while the Purchasers, with assistance from the Debtor, work promptly and diligently to apply for and secure all necessary approvals for the transfer or new issuance of Licenses to the Purchasers; and (b) shall terminate

14

on a license-by-license basis following the final determination of the Purchasers' application for transfer or new issuance of a License to the Purchasers. The Debtor shall maintain the Licenses in good standing to the fullest extent allowed by applicable law for the Purchasers' benefit until equivalent new Licenses are issued to the Purchasers, which shall be at the Purchasers' cost to the extent obligations are incurred after the Closing. Without limiting the foregoing, the Purchasers and Debtor may enter into, without further application or motion to, or order of, the Court, any reasonable arrangement that Purchasers may request and at the expense of Purchasers, which arrangement provides the Purchasers with all of the benefits of, or under, any such License.

14. To the extent set forth in section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Property sold, transferred, assigned or conveyed to the Purchasers on account of the filing or pendency of this Chapter 11 case or the consummation of the Sales.

## No Successor or Transferee Liability

15. The Purchasers shall not be deemed, as a result of any action taken in connection with the APAs, the consummation of the Sales contemplated by the APAs, or the transfer or operation of the Property, to: (a) be a legal successor, or otherwise be deemed a successor to the Debtor or its affiliates (other than, for the Purchasers, with respect to any obligations as an assignee under any executory contract or unexpired lease arising after the Closing); (b) have, *de facto* or otherwise, merged with or into the Debtor or its affiliates; (c) be an alter ego or a mere continuation or substantial continuation of the Debtor or its affiliates, in each case including, without limitation, within the meaning of any pension law, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act, the WARN Act (29 U.S.C. §§ 2101 et seq.), the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964 (as

Case 3:17-bk-01300   Doc 122   Filed 06/06/17   Entered 06/06/17 13:03:09   Desc Main
Document    Page 15 of 21

amended), the Age Discrimination and Employment Act of 1967 (as amended), the Federal

Rehabilitation Act of 1973 (as amended), and the National Labor Relations Act, 29 U.S.C. § 151,

*et seq.*

16.     Other than as expressly set forth in the APAs or this Order, the Purchasers shall

not have any responsibility for any liability or other obligation of the Debtor or any of its

affiliates, whether known or unknown as of the Closing, now existing or hereafter arising,

asserted or unasserted, fixed or contingent, liquidated or unliquidated, including under any law or

theory of successor or vicarious liability, antitrust law, Environmental Law (as defined below),

foreign, federal, state or local revenue law, or products liability law.   Without limiting the

generality of the foregoing, the Purchasers shall not be liable for any (a) liabilities, debts or

obligations on account of any taxes arising, accruing or payable under, out of, in connection

with, or in any way relating to the ownership or operation of the Property prior to the Closing;

(b) environmental liabilities or obligations arising from conditions first existing on or prior to

Closing (including, without limitation, the presence of hazardous, toxic, polluting, or

contaminating substances or wastes), which may be asserted on any basis, including, without

limitation, under the following statutes, as amended, any successor thereto, and any regulations

promulgated pursuant thereto, and any state or local statutes, ordinances, rules, regulations and

the like addressing similar issues:  the Comprehensive Environmental Response, Compensation

and Liability Act; the Emergency Planning and Community Right-to-Know Act; the Hazardous

Substances Transportation Act; the Resource Conservation and Recovery Act (including but not

limited to Subtitle I relating to underground storage tanks); the Solid Waste Disposal Act; the

Clean Water Act; the Clean Air Act; the Toxic Substances Control Act; the Safe Drinking Water

Act; the Occupational Safety and Health Act (as it relates to Hazardous Substances); the Federal

Water Pollution Control Act; the Federal Insecticide, Fungicide and Rodenticide Act; the Endangered Species Act; the National Environmental Policy Act; and the River and Harbors Appropriation Act (collectively, "**Environmental Laws**"); (c) liabilities, debts or obligations arising from conditions first existing or actions occurring prior to the Closing with respect to any labor, employment, or similar law, rule or regulation, including the laws specified in the preceding Paragraph (including filing requirements under any such laws, rules or regulations); or (d) any other foreign, federal, state or local law by virtue of the Purchasers' purchase of the Property (all liabilities described in Paragraph 15 and Paragraph 16 of this Order, "**Successor or Transferee Liability**").

17. Except as otherwise expressly provided in this Order or the APAs, nothing shall require the Purchasers to: (a) continue or maintain in effect, or assume any liability in respect of any employee, collective bargaining agreement, pension, welfare, fringe benefit or any other benefit plan, trust arrangement or other agreements to which the Debtor is a party or have any responsibility therefor including, without limitation, medical, welfare and pension benefits payable after retirement or other termination of employment; or (b) assume any responsibility as a fiduciary, plan sponsor or otherwise, **for making any contribution to, or in respect of the funding, investment or administration of any employee benefit plan, arrangement or agreement (including but not limited to pension plans) or the termination of any such plan, arrangement or agreement.**

18. Effective upon the Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Purchasers, or their assets (including the Property), with respect to any (a) Lien or Claim, or

17

(b) Successor or Transferee Liability, including, without limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any Lien or Claim; (iv) asserting any setoff, right of subrogation or recoupment of any kind; (v) commencing or continuing any action, in any manner or place, that does not comply with, or is inconsistent with, the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, failing or refusing to renew any license, permit or authorization to operate any of the Property or conduct any of the businesses operated with such assets.

## Good Faith of Purchaser

19.     The Transactions contemplated by the APAs are undertaken by the Purchasers without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sales shall not affect the validity of the Sales (including the assumption and assignment of any executory contracts and unexpired leases), unless such authorization and consummation of the sales are duly and properly stayed pending such appeal by the posting of a bond equal in amount to the total purchase price of the Property.

20.     Neither the Debtor nor the Purchasers have engaged in any collusion with other bidders or have taken any other action or inaction that would cause or permit the Sales to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code or otherwise.

## Back-Up Bidder

21.     ICG is deemed the Back-Up Bidder for the Remaining Assets.

22.     If and only if the Debtor and Core Rights fail to consummate the Remainder Sale, the Debtor and ICG are hereby authorized to enter into negotiations regarding the execution of the Back-Up APA and the consummation of a sale of the Remainder Assets to ICG for the Back-Up Bid Amount (the "**Back-Up Sale**").

23.     Such negotiations and the Back-Up Sale, if necessary, will not require further Court approval beyond that granted hereunder by this Order.

24.     Nothing in this Order shall be construed as a requirement for the Debtor and ICG to consummate and close the Back-Up Sale, should the negotiations of the Back-Up APA fail to result in a fully-executed Back-Up APA.

## Other Provisions

25.     The Purchasers shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of their remedies under the APAs or any other sale-related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence, provided however that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

26.     Nothing in this Order or the APAs releases, nullifies, precludes, or enjoins the enforcement of any (a) obligation to a governmental unit under police and regulatory statutes, (b) regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, or (c) obligations to pay ad valorem taxes to local governmental entities.

27.     This Order is binding upon and inures to the benefit of any successors and assigns of the Debtor or the Purchasers, including any trustee appointed in any subsequent case of the Debtor under Chapter 7 of the Bankruptcy Code.

19

28.     This Order and the APAs shall be binding in all respects upon all creditors of (whether known or unknown), and holders of equity interests in, the Debtor, any holders of Liens or Claims in, against, or on all or any portion of the Property, all non-Debtor counterparties to any executory contracts or unexpired leases, all successors and assigns of the Purchasers, the Debtor and its affiliates and subsidiaries and any subsequent trustees appointed in this Chapter 11 case or upon a conversion to Chapter 7 under the Bankruptcy Code, and shall not be subject to rejection.  Nothing contained in any Chapter 11 plan proposed or confirmed in the Debtor's Chapter 11 case, any order confirming any such Chapter 11 plan or any order approving wind-down or dismissal of this Chapter 11 cases or any subsequent Chapter 7 cases shall conflict with or derogate from the provisions of the APAs or this Order, and to the extent of any conflict or derogation between this Order or the APAs and such future plan or order, the terms of this Order and the APAs shall control.

29.     The provisions of this Order and the APAs are non-severable and mutually dependent.  To the extent any provisions of this Order conflict with, or are otherwise inconsistent with, the terms and conditions of the APAs, this Order shall govern and control.

30.     The APAs and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

31.     No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transactions authorized herein, including, without limitation, the APAs and the Sales.

32.     The Court shall retain exclusive jurisdiction to, among other things, interpret,

implement, and enforce the terms and provisions of this Order and the APAs, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Purchasers or their designees, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the transfer of the Property pursuant to the APAs. This Court retains jurisdiction to compel delivery of the Property, to protect the Purchasers and their assets, including the Property, against any Claims, Liens, and Successor or Transferee Liability and to enter orders, as appropriate, pursuant to sections 105, 363 or 365 (or other applicable provisions) of the Bankruptcy Code necessary to transfer the Property to the Purchasers.

33. The requirements set forth in Fed. R. Bankr. P. 6003(b), 6004 and 6006 have been satisfied or otherwise deemed waived.

34. As provided by Fed. R. Bankr. P. 7062 and 9014, the terms and conditions of this Order shall be effective immediately upon entry and shall not be subject to the stay provisions contained in Fed. R. Bankr. P. 6004(h) and 6006(d). Time is of the essence in closing the Sales and the Debtor and the Purchasers intend to close the Sales as soon as possible.

IT IS SO ORDERED.

APPROVED FOR ENTRY:

*/s/ Shane G. Ramsey*
Shane G. Ramsey (BPR # 35528)
Jason I. Epstein (BPR # 017970)
John T. Baxter (BPR # 35405)
150 Fourth Avenue, North, Suite 1100
Nashville, TN 37219
Phone: (615) 664-5355
E-Mail: shane.ramsey@nelsonmullins.com
jason.epstein@nelsonmullins.com
john.baxter@nelsonmullins.com
*Attorneys for Debtor-in-Possession*